UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES YOUNG and DONNA YOUNG,

    Plaintiffs,

v.                                            Case No: 8:23-CV-01589-WFJ-JSS

ALLSTATE INSURANCE COMPANY

    Defendant.
_____/

# ORDER

This matter comes before the Court on Defendant Allstate Insurance Company's ("Defendant") Motion to Dismiss (Dkt. 17) Plaintiffs James Young's and Donna Young's (collectively, "Plaintiffs") Complaint (Dkt. 2) and Plaintiffs' Response (Dkt. 20). With the benefit of full briefing, the Court denies Defendant's Motion to Dismiss.

## BACKGROUND

I. Relevant Factual Background

Plaintiffs James Young and Donna Young owned a home in Brooksville, Florida. Dkt. 2, ¶ 4. Plaintiffs obtained a flood insurance policy for the property through Defendant Allstate Insurance Company ("Defendant"). *Id.* On August 6, 2021, Plaintiffs' property was damaged by a storm event covered by the policy. *Id.*

¶¶ 8-11. Plaintiffs filed a timely claim with Defendant and performed all conditions precedent to receiving coverage under the policy for the damage to their home. *Id.* ¶¶12-13.

In August 2021, Defendant opened a claim, admitted liability, and submitted estimates for the replacement cost of the loss and the actual cash value of the property. *Id.* ¶ 16. Plaintiffs contested Defendant's valuations in a supplemental claim dated February 21, 2022. *Id.* ¶ 17. After hiring legal counsel, Plaintiffs conducted another assessment, arriving at even higher replacement cost and cash value amounts. *Id.* ¶ 20. Plaintiffs submitted a second supplemental claim on May 5, 2023. *Id.* On May 19, 2023, Defendant reopened the claim to address Plaintiffs' second supplemental claim. *Id.* ¶ 21. On May 30, 2023, Defendant provided Plaintiffs with revised replacement cost and cash value estimates, which were higher than Defendant's initial estimates but still lower than Plaintiffs' asserted amounts. *Id.* ¶ 22.

II. Procedural History

Plaintiffs filed the instant Complaint on July 17, 2023, alleging breach of contract and requesting prejudgment interest, fees, and costs under Federal Rule of Civil Procedure 54 and Florida Statutes §§ 627.428 and 627.70152. Dkt. 2 at 7. Defendant responded by filing its Motion to Dismiss (Dkt. 17). Defendant's Motion addresses the availability of attorney's fees, costs, and prejudgment interest and

argues for dismissal based on the one-year statute of limitations imposed by the Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. § 61. Dkt. 17 at 10-11. Defendant attached several exhibits to its Motion, including two letters denying coverage for part of Plaintiffs' claim. Dkt. 17-1 at 37-41. The letters were dated August 18, 2021 and September 19, 2021. *Id.*

In their Response, Plaintiffs withdrew their request for fees and prejudgment interest under the Florida statutes and asked the Court to rule on Defendant's Motion only as to the statute of limitations argument. Dkt. 20 at 4. Accordingly, the Court will address Defendant's Motion to Dismiss Plaintiffs' claim as time-barred. The Court will carry the issue of fees and costs under Rule 54 with the case.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* In considering a Rule 12(b)(6) motion to dismiss, a complaint's factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary

judgment. See *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Documents attached to a motion to dismiss may also be considered if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their authenticity is not challenged). *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). A document is central to a claim when it is a necessary part of the plaintiff's effort to make out the claim. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## **ANALYSIS**

Defendant argues that the Court should consider the exhibits attached to its Motion under the incorporation by reference doctrine outlined in *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiffs counter that *Horsley* is inapplicable in the instant case. The Court need not address whether it may consider the documents attached to Defendant's Motion to Dismiss because, even considering Defendant's exhibits, the Motion is due to be denied.

Defendant's Motion relies on the statute of limitations found in the SFIP, which requires claimants to bring suit "within one year after the date of the written denial of all or part of the claim." 44 C.F.R. § 61 App. A(3)(VII)(O); *see also* Dkt. 17 at 10. A claim should be dismissed on statute of limitations grounds only if it is

4

"apparent from the face of the complaint" that the claim is time-barred. *Nance v. Comm'r, Ga. Dep't of Corrs.*, 59 F.4th 1149, 1154 (11th Cir. 2023) (quotation omitted).

Plaintiffs pled that Defendant reopened their claim on May 19, 2023 to address averments made in their second supplemental claim dated May 5, 2023. Additionally, Plaintiffs stated facts demonstrate that their claim "remained open and resolvable" through at least June 2023. *House v. Bankers Ins. Co.*, 43 F. Supp. 2d 1329, 1334 (M.D. Fla. 1999) ("Plaintiffs could not be expected to file suit during the period that Defendant represented the claim remained open and resolvable."); Dkt. 2 ¶ 24. Construing the facts in the light most favorable to Plaintiffs, it is plausible that Plaintiffs reasonably relied on May 19, 2023, the date of the reopened claim, in measuring the SFIP's one-year statute of limitations. *Id.*; *see also Horeftis v. Nat'l Flood Insurers Ass'n*, 437 F. Supp. 794, 796 (E.D. Mich. 1977); *Wagner v. Dir., Federal Emergency Mgmt. Agency*, 847 F.2d 515, 521 (9th Cir. 1988) (suggesting that the statute of limitations may run from the date a claim is formally reopened).

Accordingly, even if the Court were to consider the exhibits attached to Defendant's Motion, it is not apparent from the face of Plaintiffs' complaint that their claim is time-barred. That issue may be considered on a full evidentiary record. Thus, the Motion to Dismiss is due to be denied.

## CONCLUSION

Based on the foregoing, Defendant's Motions to Dismiss (Dkt. 17) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record